OPINION OF THE COURT
Leonard F. Bersani, J.
The above-captioned matter was commenced by the filing of a petition on November 27, 1984, wherein the Children’s Protective Unit of the Onondaga County Department of Social Services alleged that the children had been sexually abused. The respondents denied the allegations contained within the petition and respondent Arthur Z. subsequently moved for dismissal of the petition as to himself.
Mr. Z. had been previously indicted and charged with having committed the crimes of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, incest and endangering the welfare of a child. The charges arose from the same acts underlying the instant proceeding. The respondent was found not guilty of the first four counts and guilty of the fifth count after a jury trial in the Supreme Court of the County of Onondaga.
It is respondent’s contention that the prior trial is a bar to the instant proceeding upon the ground of collateral estoppel. This court cannot agree.
The Family Court Act specifically authorizes concurrent Criminal Court and Family Court proceedings. “For the protection of children, the family court has jurisdiction over proceedings under this article notwithstanding the fact that a criminal court also has or may be exercising jurisdiction over the facts alleged in the petition or complaint.” (Family Ct Act § 1013 [b]; *1086 see also, Family Ct Act § 1014 [c].) “In such cases, the jurisdiction of the Family Court to protect the child is not diminished, and questions of double jeopardy do not arise, because the two proceedings have different objectives and legal consequences.” (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 1013, p 287.)
The objective of a Family Court Act article 10 proceeding is to protect children from injury or mistreatment. (Family Ct Act § 1011.) It is a civil proceeding. In contrast, the purpose of a criminal proceeding is merely punitive in nature. (See, People v Smith, 62 NY2d 306.)
A criminal conviction requires a finding of guilt beyond a reasonable doubt. A finding of abuse is based upon a determination of fact by a preponderance of the evidence. (Family Ct Act § 1046 [b] [i].) Accordingly, it is possible for a charge to be dismissed in Criminal Court for insufficient proof while the same evidence could be sufficient to satisfy the lower quantum of proof required in Family Court.
In Matter of Commissioner of Social Servs. (Otis P.) (NYLJ, Sept. 19, 1983, p 18, col 3 [Fam Ct, Queens County]), the court held that a prior Criminal Court acquittal would not preclude the Family Court from entertaining a child neglect proceeding arising out of the same circumstances. In support of its conclusion the court cited the differences in the burden of proof required in each proceeding, the Family Court Act’s express statutory authorization for concurrent jurisdiction, the fact that the Department of Social Services was not a party to the criminal action, and that the proceeding did not constitute double jeopardy. This court concurs with such analysis.
Accordingly, it is the determination of this court that the respondent’s prior Criminal Court trial does not preclude this court from entertaining the instant child abuse proceeding. To hold otherwise would be contrary to the spirit and letter of the Family Court Act.
Now, therefore, it is ordered that respondent’s motion to dismiss the petition is hereby denied and dismissed and the matter has been set down for trial on the 21st day of February, 1985, at 10 o’clock in the forenoon of that day.